IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| BLAINE MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 07-168-E-EJL-MHW |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| STATE OF IDAHO, IDAHO DEPARTMENT OF FISH AND GAME, a political subdivision of the State of Idaho, & CHARLIE ANDERSON, individually and in his official capacity as an Idaho Department of Fish and Game employee, | ) | |
| | ) | |
| Defendants. | ) | |

Currently pending before the Court are Plaintiff's Motion for Court to Issue Opinion Regarding Case Dismissal and Violation of Plaintiff's Fifth, Sixth and Fourteenth Amendment Rights (Docket No. 55), Defendant's Motion for Summary Judgment (Docket No. 61), Defendant's Motion to Expedite Court's Consideration of Officer Anderson's Qualified Immunity to Plaintiff's Suit (Docket No. 66) and Plaintiff's Motion to Determine Status of Docket No. 55 (Docket No. 68).

**Report and Recommendation - Page 1**

# REPORT
## I.
## Background

The factual background is set forth in detail in this Court's Report and Recommendation dated November 13, 2007 (Docket No. 25). In that Report and Recommendation, the Court recommended that the Defendants be granted summary judgment. The Report and Recommendation was adopted by District Judge Lodge on December 11, 2007. Plaintiff subsequently appealed to the Ninth Circuit. On February 18, 2009, the Ninth Circuit affirmed the District Court's decision on all grounds except the finding that Plaintiff's claim "stemming from allegations that Anderson gave false testimony" was barred by the statute of limitations. The Ninth Circuit found this claim was filed within the applicable two-year statute of limitations and reversed and remanded for further proceedings. Accordingly, the only claim that is before the Court is against Officer Charlie Anderson for allegedly providing false testimony at the trial regarding what the Forest Service map did and did not indicate, what he observed on November 24, 2004, and what State Exhibit A (photographs) showed and when the photographs were taken.[1]

## II.
## Discussion

**A.   Plaintiff's Motions**

Plaintiff's Motion for Court Issue Opinion Regarding Case Dismissal and Violation of Plaintiff's Fifth, Sixth and Fourteenth Amendment Rights (Docket No. 55) appears to be a motion for summary judgment. The only claim surviving after the Ninth Circuit issued its

---

[1] In his motion and in response to Defendant's Motion, Plaintiff revisits several of his earlier claims that have been dismissed. The only issue remanded to this Court was the allegation of false testimony against Charlie Anderson. Accordingly, any other issues or claims raised by Plaintiff will not be addressed.

**Report and Recommendation - Page 2**

opinion, is Plaintiff's claim against Defendant Anderson for allegedly providing false testimony. Plaintiff's motion does not address this claim. Accordingly, Plaintiff's motion should be denied.

Additionally, Plaintiff's Motion to Determine Status of Docket No. 55 (Docket No. 68) is moot.

**B.     Defendant's Motion for Summary Judgment**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those which may affect the outcome of the case. *See id*. at 248.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or depositions excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material

fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Plaintiff's claim against Defendant Charlie Anderson accuses him of providing false testimony several times during the January 19, 2005 trial in the underlying criminal case.  As the Court recognized earlier, a "false testimony" constitutional claim does not exist under 42 U.S.C. § 1983.  *See Briscoe v. LaHue*, 460 U.S. 325, 327 n. 1 (1983) (noting that the Supreme Court has not held that false testimony in itself violates constitutional rights).   Instead, false testimony allegations are typically construed as part of a larger constitutional violation, most often a claim for malicious prosecution under § 1983.  *See Winn v. McQuillan*, 390 F. Supp. 2d 385, 392 (S.D.N.Y. 2005) ("While the claim of. . . false testimony or false allegations may constitute a component of an action for malicious prosecution. . . [there is] no authority for the proposition that such a claim, standing alone, implicates a constitutionally protected right.")  *See also Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1990) (construing plaintiff's claim regarding false testimony as claim of conspiracy for malicious prosecution).  Accordingly, the Court finds that Plaintiff's claim for false testimony should be construed as a malicious prosecution claim under § 1983.

Defendant argues that Plaintiff's claim fails because he lacks key prima facie case elements.  The elements of a malicious prosecution claim are:  (1) "that defendants prosecuted [plaintiff] with malice;" (2) "without probable cause," and (3) "that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).   Additionally, the underlying criminal case must be terminated in the plaintiff's favor.  *Id*. at 1068.

Malice in the malicious prosecution setting focuses on the intent or state of mind of the

party initiating the prosecution, while probable cause focuses on the party's knowledge. *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030-31 (9th Cir. 2008). Therefore, "[t]he probable cause inquiry is objective, asking whether a reasonable person would have thought that the claim was legally tenable "without regard to [her] mental state," while the malice inquiry focuses on "the subjective mental state of the defendant in instituting the prior action." *Id*. at 1031 (internal citations and punctuation omitted).

In the Court's 2007 Report and Recommendation (Docket No. 25), the Court found that Plaintiff had not proffered any evidence that Defendants, including Charlie Anderson, acted with malice. Docket No. 25, p. 17. The finding that there was no malice was specifically upheld by the Ninth Circuit. *Murray v. State of Idaho*, No. 07-36097, 2009 WL 528246, *4 (9th Cir. Feb. 18, 2009) ("The district court properly granted summary judgment on Murray's [state law tort] malicious prosecution claim because Murray failed to put forth evidence of malice.") Plaintiff has set forth no new evidence that changes that finding. Instead, he simply argues that Anderson's false testimony is prima facie evidence of malice. Plaintiff's Opp'n to Defendant's Motion for Summary Judgment (Docket No. 63), p. 4. Making a conclusory argument does not create a scintilla of evidence in support of his allegations of malice. There is no evidence that the proceedings were instituted for an improper purpose.

Defendant also argues that probable cause exists as a matter of law and Plaintiff cannot satisfy that element of his malicious prosecution claim. At the trial in the underlying criminal case, the magistrate judge found Plaintiff traveled on a closed Forest Service road. This finding was never reversed or overturned on appeal. Plaintiff has the burden of showing lacking of probable cause. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). The

**Report and Recommendation - Page 5**

probable cause inquiry is objective, asking whether a reasonable person would have thought that the claim was legally tenable without regard to mental state. *Estate of Tucker*, 515 F.3d at 1031. It is a clear a reasonable person would have thought that the claim of traveling on a closed Forest Service road was legally tenable based on the fact that the magistrate judge came to this conclusion and it was never refuted on appeal. There is no evidence to indicate that Anderson did not act in good faith when he cited Plaintiff for driving on a closed road, even though he erroneously cited the wrong statute on the ticket.[2]

Finally, Plaintiff has not shown that the prosecution was "conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Plaintiff has not presented any evidence that Defendant acted *for the purpose* of denying Plaintiff's constitutional rights.[3]

## C. Other Defendants

Also listed in Plaintiff's Amended Complaint (Docket No. 43), are Defendants the State of Idaho and Idaho Department of Fish and Game. As found in the Court's previous Report and Recommendation (Docket No. 25), claims against the State of Idaho, the Idaho Department of Fish and Game and Defendant Anderson in his official capacity would be barred by the Eleventh

---

[2] The Idaho Court of Appeals found that the appropriate statute for Murray to be charged under was I.C. § 36-104 and that it was apparent Officer Anderson transposed the numerals 1 and 4 in the section number from "104" to "401" when he wrote the citation, thereby charging Murray under a statute that did not exist. *State of Idaho v. Murray*, 148 P.3d 1278, 1281 (Idaho Ct. App. 2006).

[3] Defendant also moves to have this claim dismissed on qualified immunity grounds. Because the Court has found that there has not been a constitutional violation, Defendant Anderson would also be entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194 (2001) (A qualified immunity analysis consists of two prongs: (1) whether, taken in the light most favorable to the party asserting the injury, . . . the facts alleged show the defendant's conduct violated a constitutional right, and (2) whether that right was clearly established.)

**Report and Recommendation - Page 6**

Amendment and the Court herein adopts that analysis. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

## RECOMMENDATION

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1) Plaintiff's Motion for Court to Issue Opinion Regarding Case Dismissal and Violation of Plaintiff's Fifth, Sixth and Fourteenth Amendment Rights (Docket No. 55), filed April 29, 2009, be **DENIED**;

2) Defendant's Motion for Summary Judgment (Docket No. 61), filed August 10, 2009, be **GRANTED;**

3) Defendant's Motion to Expedite Court's Consideration of Officer Anderson's Qualified Immunity to Plaintiff's Suit (Docket No. 66), filed November 13, 2009, be **DENIED**;

4) Plaintiff's Motion to Determine Status of Docket No. 55 (Docket No. 68), filed December 7, 2009, be found **MOOT.**

DATED: January 12, 2010

Honorable Mikel H. Williams
United States Magistrate Judge