IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BLAINE MURRAY, ) | |
| ) | |
| Plaintiff, ) | Case No. CV07-168-E-EJL |
| ) | |
| vs. ) | ORDER ADOPTING REPORT |
| ) | AND RECOMMENDATION |
| STATE OF IDAHO, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    On January 12, 2010, United States Magistrate Mikel H. Williams issued his Report and Recommendation in this matter ( Docket No. 71). Pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho Loc. Civ. R. 72.1, the parties had fourteen days (plus three days pursuant to Fed. R. Civ. P. 6(d)) in which to file written objections to the Report and Recommendation.[1] On January 27, 2010, Plaintiff Blaine Murray timely filed his Objections to Report and Recommendation (Docket No. 73). Defendants had fourteen days (plus three days pursuant to Fed. R. Civ. P. 6(d)) from the date they received Plaintiff's objections to file a response to the objections. As of March 1, 2010, no response had been filed by Defendants.

    Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

---

[1] In this particular case, the parties were actually given until February 6, 2010 to file any objections since the Report and Recommendation filed to advise the parties of the deadline to file objections. *See* Docket Entry Order, Docket No. 72.

ORDER - Page 1
10ORDERS\Murray_rnr

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Based on the objections filed in this case, the Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b).

## Factual Background

The Court adopts and incorporates by reference the factual background as set forth in the Report and Recommendation on page 2 which references the prior Report and Recommendation issued in this case on November 12, 2007 (Docket No. 25). The Ninth Circuit remanded the case so the Court could consider the sole remaining claim "stemming from allegations that [Charlie] Anderson gave false testimony" at the trial regarding what the forest Service map did and did not indicate, what Anderson observed on November 24, 2004 and what State Exhibit A (photographs) showed and when photographs were taken.

Judge Williams determined that Defendants' motion for summary judgment should be granted on this final claim as the requisite elements for false statement or malicious prosecution (by the complaining witness Anderson who wrote the ticket charging Murray with a crime) could not be satisfied based on the facts taken in a light most favorable to

Plaintiff. Plaintiff objects to the conclusion malice has not been established and requests a jury trial on the factual claims.

## Analysis

This review of the pending motions and the Report and Recommendation is undertaken with an eye on Ninth Circuit standards regarding *pro se* litigants. *See Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991). The Court has construed the Plaintiffs' pleadings in the most favorable light, however, the Court reminds the Plaintiffs that *pro se* litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

In the Report and Recommendation, Magistrate Judge Williams correctly set forth the standard of review and correctly determined the false testimony allegations should be construed as an action for malicious prosecution. The elements of a malicious prosecution claim are undisputed:

> (1) "that defendants prosecuted [plaintiff] with malice;" (2) "without probable cause," and (3) "that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Additionally, the underlying criminal case must be terminated in the plaintiff's favor. *Id*. at 1068.

The last element has been satisfied as it is undisputed that the underlying criminal case was terminated in plaintiff's favor. It is the first, second and third elements that Plaintiff has not established in this case. This Court has previously held that there was no evidence of malice when dismissing the state law claim of malicious prosecution and this finding was confirmed by the Ninth Circuit. *Murray v. State of Idaho,* No. 07-36097, 2009 WL 528246, *4 (9th Cir. Feb. 19, 2009). Plaintiff argues that Anderson's false testimony is prima facie evidence of malice. The Court respectfully disagrees with Plaintiff. The record does not set forth any facts of malice on the part of Anderson towards Plaintiff and there is no evidence that Anderson cited Plaintiff with a ticket for an improper purpose. Rather, the record clearly establishes an unintentional, clerical error on the part of Anderson regarding the applicable statute and the elements listed or inferred from the written citation. These clerical errors do not as a matter of law rise to the level of establishing malice on the part of Anderson.

Moreover, this Court agrees that the state court magistrate judge found there was probable cause for the officer to write the citation for violating a Forest Service road closure when he found the Plaintiff guilty of that charge, but the case ended up being dismissed on appeal when it was determined the officer did not properly reference the correct statute for driving on a closed road.[2] Therefore, even viewing the facts in a light most favorable to Plaintiff, Plaintiff cannot establish the second element of malicious prosecution.

Finally, the Court finds there is no evidence in the record to create a genuine issue of material fact that Anderson cited Plaintiff for the purpose of denying him equal protection or another specific constitutional right. The record establishes that the officer believed that Plaintiff had driven on a closed road and wrote him a citation for such alleged violation. The Idaho Court of Appeals found that Plaintiff "thought he was on an open road but apparently mistaken, and that he had not seen a small sign stating that the road was closed." *State of Idaho v. Murray*, 148 P.3d 1278, 1279 (Id. Ct. App. 2006). There is no evidence that Anderson cited Plaintiff for the purpose of denying him equal protection or other constitutional right. In fact, by writing a citation, the officer insured that Plaintiff would receive all rights provided for in the Constitution in a court of law.

For these reasons, the Plaintiff's objections are denied and summary judgment should be granted in Defendants' favor on this final claim.

Order

Because the Court finds the Report and Recommendation of Judge Williams to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Williams. Acting on the recommendation of Judge Williams, and this Court being fully advised in the premises,

---

[2] The Idaho Court of Appeals found "It is now apparent, in retrospect, that Officer Anderson transposed the numerals 1 and 4 in the section number from "104" to "401" when he wrote the citation. The prosecutor's amendment to the citation did not remedy that error." *State of Idaho v. Murray*, 148 P.3d 1278, 1281 (Id. Ct. App. 2006).

**IT IS HEREBY ORDERED**:

1) Plaintiff's Motion for Court to Issue Opinion Regarding Case Dismissal and Violation of Plaintiff's Fifth, Sixth and Fourteenth Amendment Rights (Docket No. 55), filed April 29, 2009, is **DENIED**;

2) Defendant's Motion for Summary Judgment (Docket No. 61), filed August 10, 2009, is **GRANTED;**

3) Defendant's Motion to Expedite Court's Consideration of Officer Anderson's Qualified Immunity to Plaintiff's Suit (Docket No. 66), filed November 13, 2009, is **DENIED**;

4) Plaintiff's Motion to Determine Status of Docket No. 55 (Docket No. 68), filed December 7, 2009, is **MOOT.**

5) The Court will not entertain any motions for reconsideration of this Order.

6) This case shall be **DISMISSED** in its entirety with prejudice.

DATED: **March 3, 2010**

Honorable Edward J. Lodge
U. S. District Judge